[Civ. No. 12103. First Dist., Div. Two. Apr. 27, 1942.]

LOUISE ANDREW, Respondent, v. A. J. ANDREW, Appellant.

Harold L. Hjelm for Appellant.

C. Ray Robinson, Willard B. Treadwell, Loraine B. Rogers and W. Eugene Craven for Respondent.

STURTEVANT, J.—The defendant in the above entitled divorce action has appealed from the judgment in favor of the plaintiff, his wife. The plaintiff alleged in her complaint a cause of action for divorce based on the alleged extreme cruelty of the defendant. She charged acts of both mental and bodily cruelty. She alleged that she and her husband were possessed of community property but that she did not know the extent and the nature thereof. She set forth that they had three minor daughters. She also alleged that she had no funds to provide for herself and children nor to prosecute said action. She prayed that she be awarded a decree of divorce, that the custody of said minors be awarded to her, and that she be awarded one-half of the community property, and that she be awarded counsel fees and costs. The defendant filed an answer in which he denied the alleged acts of cruelty and he also denied that the spouses owned any community property. He also filed a cross-complaint in which he charged the plaintiff with cruelty. In his cross-complaint he alleged that there was no community property and pleaded in *haec verba* a property settlement and asked a decree approving it. The plaintiff answered the cross-complaint and in that answer she denied the making of the said property settlement.

The cause was heard on all of said issues and the trial court made findings in favor of the plaintiff. It awarded the plaintiff (1) a decree of divorce; (2) the custody of said minors; (3) sixty dollars per month for the maintenance of said minors; (4) the title to a tract of land, hereinafter called "The Delhi Lots," and certain household furnishings; (5) counsel fees in the sum of $125, and (6) costs of suit. It also ordered that the alleged property settlement be set aside and that the balance of the property be awarded to the defendant.

The defendant makes one point only and that is set forth pursuant to the rules of this court on the first page of his brief. He says: "Where there is no evidence of fraud, force, undue influence, or over-reaching, may the court ignore a property settlement agreement executed by a husband and wife after full disclosure of all material facts to each, and, contrary to the agreement, give all the community property to said wife, and grant her attorney fees and costs that were in turn waived in the agreement?" The vice in the question as written rests in the fact that the defendant fails to apply certain statutory rules to the facts. His point as written is not presented by the

record before us as clearly appears from a brief recital of the facts.

The plaintiff and defendant intermarried at Damascus in Syria in the year 1928. At that time the defendant owned a farm hereinafter referred to as "The Eighty Acres" located near Delhi in Merced County. After their marriage the plaintiff and defendant acquired a tract hereinafter called "The Twelve Acre Piece," and "The Delhi Lots" on one of which the family dwelling is located. The farm was improved and equipped with tools, implements, truck, automobile, and other accessories. The house was furnished to some extent at the time of the marriage. Later other furnishings were installed. Lots at Delhi were bought and sold. Some mortgages were executed, payments were made on mortgage indebtedness, and at times bank accounts were opened in the name of the husband. The latter at times borrowed from a cousin in San Francisco and from time to time made payments to said cousin. Furthermore, if we correctly understand Mr. Andrew's testimony, at times he had funds standing to his account in the hands of said cousin.

With interests so varied the defendant suggested to the plaintiff that they should make a property settlement. She consented. He employed his present attorney, Mr. Hjelm, to reduce the contract to writing. The latter prepared a written instrument. The plaintiff and defendant went to his office and plaintiff testified they both signed it. She testified she had no advice except what her husband said and what Mr. Hjelm said. She also testified she did not read said written instrument, and never read it nor knew its contents until the time she commenced this action. On its face it purports to have been acknowledged by the defendant before Mr. Hjelm as notary public on December 15, 1936, and by the plaintiff before Mr. Fowler as notary public on January 5, 1937. But she testified she never acknowledged the execution before Mr. Fowler or anyone else on said date or at all. Mr. Fowler was not called as a witness by anyone. Mr. Hjelm testified plaintiff did not sign on December 15, 1936, but returned to his office on January 5, 1937, when Mr. Fowler, his partner, was present and that she then signed and acknowledged her signature before Mr. Fowler.

On its face said contract provides (1) the parties shall own, share and share alike, the Delhi lots; (2) the husband shall own as his separate property The Eighty Acre farm and (3) each relinquishes his right to succeed to the estate of the

other. No mention is made of any other property, real or personal.

Mrs. Andrew testified that before said instrument was written her husband said they would divide their properties half and half. To that remark she consented. On the trial there was no evidence that the oral agreement was not as claimed by Mrs. Andrew. But the written instrument does not purport to state said oral agreement. Neither on December 15, 1936, nor at any time previous thereto did the defendant attempt to inform the plaintiff as to the nature and amounts of his or their assets, or of his or their liabilities.

■ When under these circumstances the written instrument was introduced in evidence the following propositions at once became obvious. The writing was a purported settlement as to the rights of each spouse in the two properties but no more. As to their other properties, and there were several, it did not even purport to speak. It had been represented that it would divide the properties half and half. On its face it did not even purport to do so. It was a purported contract between husband and wife, that is, between a trustee and his beneficiary. (Civ. Code, secs. 158 and 2228.) Before it was executed it is not even claimed the plaintiff had had the benefit of independent legal advice. Ordinarily her grantee under such circumstances could not retain the benefits under said instrument. (9 Cal. Jur. 230.) ■ Being a purported contract between husband and wife, it was between those standing in a confidential relation and was presumed to be fraudulent. (Civ. Code, sec. 2235.) That presumption continued until it was dispelled and the burden of dispelling said presumption rested on the husband. (*Odell* v. *Moss,* 130 Cal. 352, 357 [62 Pac. 555].) That burden he did not assume. The trial court was well within its powers in making the finding which the defendant so vigorously attacks, namely, ". . . the court finds that heretofore the plaintiff and defendant made and entered into an agreement in writing bearing date December 15, 1936, that said agreement was unjust, unfair, unreasonable and inequitable, and that at the time of the preparation and execution of said agreement the defendant concealed from plaintiff and from defendant's attorney certain assets possessed by him."

■ Much is said in the briefs that on December 15, 1936, the defendant did not disclose that the title to the Twelve Acre Tract stood in his name. It is sufficient to state he did not dis-

close the exact title or any title to said tract. He was bound to have done so if, as he claims, the said instrument was to be a property settlement between himself and his beneficiary. (Civ. Code, § 2228.) Neither did he state the items or values of the numerous items of personal property hereinabove mentioned.

We conclude therefore that the defendant did not meet the burden of proof resting on him. He pleaded the purported property settlement. As we have shown the burden rested on him to prove that it was just, fair, reasonable and equitable. He did not even attempt to do so. It follows that the finding holding it "was unjust, unfair, unreasonable, and inequitable" may not be said to be without support. The finding in legal effect was but an application to the facts of the statutory rule. (Civ. Code, § 2235, supra.)

The judgment appealed from is affirmed.

Nourse, P. J., and Spence, J., concurred.